IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LAUREN MINNITI, individually and as the representative of a class of similarly-situated persons, ) ) ) ) Plaintiff, ) ) v. ) ) No. 1:14-cv-22294-UU CHRISTOPHER S. EILERS, ASPIRE ) FINANCIAL PARTNERS, MEMBER OF ) Honorable Ursula Ungaro JOHN HANCOCK FINANCIAL ) NETWORK, JOHN HANCOCK ) FINANCIAL NETWORK, INC., JOHN ) HANCOCK LIFE & HEALTH ) INSURANCE COMPANY, JOHN ) HANCOCK LIFE INSURANCE ) COMPANY (U.S.A.) and JOHN DOES 1- ) 10, ) ) Defendants. ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

NOW COMES Plaintiff, LAUREN MINNITI, pursuant to Fed. R. Civ. P. 23(a), (b)(3) and (g), and hereby submits her Motion for Class Certification pursuant to *Damasco v. Clearwire Corp.,* 662 F.3d 891, 896 (7th Cir. 2011) (holding plaintiff "can move to certify the class at the same time that they file their complaint" and that "[t]he pendency of that motion protects a putative class from attempts to buy off the named plaintiffs.").

**A.    Proposed Class Definition.**

Plaintiff proposes the following class definition:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, and (3) which did not display a proper opt out notice.

Defendants sent Plaintiff and others a standardized form advertisement. Plaintiff anticipates that the proposed class definition will change after discovery defines the precise contours of the class and the advertisements that were sent. Plaintiff requests leave to submit a brief and other evidence in support of this Motion after discovery about the class elements has been completed.

**B.      Numerosity.**

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, Defendants' advertisements were successfully sent to at least fifty (50) facsimile numbers. Individual joinder of absent class members is impracticable.

**C.      Commonality.**

Rule 23(a) also requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). However, commonality "does not require that all of the questions of law or fact raised by the case be common to all the plaintiffs." *Jones v. Jeld-Wen, Inc*., 250 F.R.D. 685, 693 (S.D. Fla. 2008), *quoting Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 325 (S.D. Fla. 1996). *See also Outten v. Capital Management Services, L.P*., 2010 WL 2194442, at *3 (S.D. Fla. April 9, 2010) (commonality satisfied where "'at least one issue affecting all or a significant number of proposed class members' is sufficient") (citation omitted). "The commonality element is generally satisfied when a plaintiff alleges that "[d]efendants have engaged in a standardized course of conduct that affects all class members." *Jones*, 250 F.R.D. at 693, *citing In re Terazosin Hydrochloride,* 220 F.R.D. 672, 687 (S.D.Fla.2004); *Agan v. Katzman & Korr, P.A.,* 222 F.R.D. 692, 697 (S.D.Fla.2004); *In re AmeriFirst Sec. Litig.,* 139 F.R.D. 423, 428 (S.D.Fla.1991). Here, the commonality requirement is satisfied because the named plaintiff shares several questions of law and fact with the prospective class. Defendants engaged in a

standardized course of conduct that affects all class members by faxing form advertisements to persons on a list generated by Defendants and/or a third party, and did not obtain prior express invitation or permission to send Defendants' advertisement by fax and failed to include the opt-out notice required by federal law and regulations. *See*, 64 C.F.R. 1200. Accordingly, commonality is satisfied. *Jones,* 250 F.R.D. at 693 (citations omitted); *Outten*, 2010 WL 2194442, at *3.

### D. Typicality.

Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff's claims and the other proposed class members' claims all arise from Defendants' fax campaign. Thus, all class member claims' arise from the same transaction or occurrence.

### E. Adequacy of Representation.

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There is no antagonism between the interests of Plaintiff and those of the other class members. Plaintiff's counsel are experienced lawyers and they are adequate counsel for the class.

### F. Predominance.

Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions. As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute. Common fact issues also predominate.

### G. Superiority.

Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims. Certifying a class is the "superior" way when the "'class action would achieve

3

economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Prods. v. Windsor,* 521 U.S. 591, 615 (1997).

## CONCLUSION

The proposed class meets the requirements of Rules 23(a), (b)(3) and (g). Plaintiff requests that the Court certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's attorneys as class counsel. Plaintiff will file her memorandum after Rule 23 discovery has been concluded. The parties need to meet and confer and propose a Rule 23 discovery schedule to this Court.

Respectfully submitted,

LAUREN MINNITI, individually and as the representative of a class of similarly-situated persons

By:   /s/ Ryan M. Kelly
Ryan M. Kelly (FL Bar #90110)
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  (847) 368-1500
Facsimile: (847) 368-1501

## CERTIFICATE OF SERVICE

  I hereby certify that on June 23, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record and that a copy of this Motion for Class Certification will be served upon all Defendants along with the Summons and Complaint.

                s/Ryan M. Kelly